UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KENNETH CHAN,

                **Plaintiff,**

      v.                                            Case No. 25-CV-1789

GENINE D EDWARDS, et al.,

                **Defendants.**

## DECISION AND ORDER

On November 14, 2025, Kenneth Chan, proceeding pro se, filed a complaint that states, in its entirety:

> 1. The current owner of the apartment where Plaintiff resides is Re/Max, as the former owner Raymond Chan claimed in his sworn affidavit,
>
> 2. Defendants and Raymond Chan conspired together and deprived Plaintiff of due process,
>
> 3. This Court has jurisdiction under the RICO Act.
>
> PRAYER FOR RELIEF
> Plaintiff demands $1 Billion against all Defendants.

(ECF No. 1.)

Accompanying his complaint is a motion to proceed without prepayment of the filing fee. Because Chan's affidavit demonstrates that he is indigent, his motion will be granted. However, the court must also screen his complaint to determine if it is

sufficient to proceed. 28 U.S.C. § 1915; *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Adkins v. E. I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948)).

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although the allegations in a complaint need not be detailed, a complaint "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks, citation, and brackets omitted). The complaint must be sufficiently detailed "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (quotation marks and ellipses omitted).

Chan's complaint does not state any plausible claim for relief. It offers only the barest conclusion without offering any details from which the court can determine as to who the parties are, their relationship, or what specifically allegedly happened between them.

There is also no hint that venue is proper in this district. *See* 28 U.S.C. § 1391. Notably, Chan states he lives in Brooklyn, New York. There is no suggestion that Chan or the defendants have any connection to this district. Notably, Chan appears to have recently filed a number of identical lawsuits around the country. *See, e.g.*,

*Chan v. Edwards*, 25-CV-187 (Nov. 14, 2025, E.D. Ky.); *Chan v. Edwards*, 25-CV-371 (Nov. 13, 2025, N.D. Ga.); *Chan v. Edwards*, 25-CV-885 (Nov. 12, 2025, W.D. Mo.); *Chan v. Edwards*, 25-CV-3053 (Nov. 10, 2025, N.D. Tx.).

Having failed to state a plausible claim for relief, the court must dismiss Chan's complaint. Ordinarily, the court will afford a litigant, particularly a pro se litigant, at least one opportunity to file an amended complaint before dismissing an action. However, Chan has provided the court with no reason to suspect that venue is proper in this district or that the court has personal jurisdiction over the defendants. In other words, the court has no reason to believe that Chan may be able to present a plausible claim if permitted to amend. Therefore, the court will dismiss this action.

Finally, the court cautions Chan that filing the same lawsuit in multiple districts may be regarded as vexatious and an abuse of the legal process. As such, it may result in the imposition of sanctions under 28 U.S.C. § 1927, Fed. R. Civ. P. 11, or the court's inherent authority, which may include monetary penalties or filing bars. *See, e.g.*, *Chapman v. Exec. Comm.*, 324 F. App'x 500, 502 (7th Cir. 2009); *Emrit v. Lawson*, No. 1:17-cv-03624-JMS-TAB, 2017 U.S. Dist. LEXIS 173043, at *8 (S.D. Ind. Oct. 19, 2017).

**IT IS THEREFORE ORDERED** that the plaintiff's motion to proceed without prepayment of the filing fee (ECF No. 2) is granted.

**IT IS FURTHER ORDERED** that the plaintiff's complaint and this action are dismissed without prejudice for failure to state a claim upon which relief may be granted. The Clerk shall enter judgment accordingly.

Dated at Green Bay, Wisconsin this 18th day of November, 2025.

*s/ Byron B. Conway*
BYRON B. CONWAY
U.S. District Judge
